Charles **F.** Claiborne,
   Judge. **8287**

WM. CLARK,
  Appellant

  vs              No. 8287

LOUIS MANNING, Administrator.

June 19th, 1922.

WM. CLARK,
    Appellant

    vs                                  No. 8287

LOUIS MANNING, Administrator &c

CHARLES F. CLAIBORNE, JUDGE.

        Petitioner seeks to recover from the Succession of his wife $1720.84 on the ground that he paid a like amount for repairs, and improvements, and taxes, and paving upon the separate property of his wife during their marriage, with money earned by him during marriage.

        He bases his suit upon the following Article of the Civil Code alone, as there is no other Article that gives a husband a money claim against his wife for this cause of action, viz:

        C.C. 2408 (2377) "When the separate property of either the husband or the wife has been increased or improved during the marriage, the other spouse or his or her heirs, shall be entitled to the reward of one half of the value of the increase or ameliorations, if it be proved that the increase or ameliorations be the result of the common labor, expenses, or industry; but there shall be no reward due, if it be proved that the increase is due only to the ordinary course of things, to the rise in the value of property, or to the chances of trade".

        Plaintiff testified that he had spent the sum claimed by him in repairs, improvements, taxes, and paving, and produced vouchers in support of his claim. But not a word is said in his petition, or in the testimony adduced by him, as to the enhanced value of the wife's property resulting from those expenditures. The exception of no cause of action filed by defendant, should have been maintained, and the judgment of nonsuit upon the merits must be affirmed, unless plaintiff shows that the ex- *conclusive* penses which he claims create, of themselves, proof or presump-

tion of enhanced value.

The interpretation of the above Article by the Supreme Court has been: that the surviving spouse has no claim for the sum of money expended for repairs or improvements, but only for the amount that such improvements have enhanced the value of the property at the time of the dissolution of the community.

In 33 A. 540 the Court said:

"It is settled that the recompense due by the separate estate of the wife for improvements placed thereon, during marriage, at the expense of the community, is the enhanced value resulting to her separate estate, from the improvements at the date of the dissolution of the community". 4 N. S. 221; 4 R. 278 (286); 6 R. 508; 8 R. 182 (187); 12 R. 385 (389); 6 A. 635; 14 A. 194, 763; 23 A. 736; 27 A. 591; 28 A. 431; 35 A. 94; 50 A. 974; 129 La. 1015; C. N. 1437; 3 Dalloz Codes Ann.p 947 No. 129.

"The. separate estate cannot be charged with the cost of improvements, but only with the amount that such improvements enhanced the value of the property".
2 A. 43; 28 A. 431; 36 A. 509; 50 A. 974; 129 La.1015. As early as the 10 R. 373 (382) the Supreme Court said: "We could not, with any sense of justice, or with any propriety, recognize any right in the plaintiff to be compensated for the one half of the value of the increase or ameliorations, by subjecting the defendant to the payment of the one half of the estimation of the separate improvements, or of the cost thereof, for, as we said in our first decision (4 R. 278) this would often be unjust, as the relative increase of the property might, in many instances, be very far from being adequate to the cost and expense which the ameliorations originally occasioned".

This reasoning is peculiarly applicable to this case, where the amount claimed for improvements perhaps exceeds the value of the property.

As the community was presumptively the usufructuary of the paraphemal property of the wife, it was bound to bear, without compensation, the expense of repairs and taxes.   C. C. 2385; 2386, 570, 572, 573, 578, 579, 594.

Judgment affirmed.
June 19th, 1922.